**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANGIE ALEJANDRA SARRIA RINCON A#249293582, Filed by Next of Friend Norma Alejandra Hernandez Arzate, | § § § § § § § § § § § § § § § | |
| **Petitioner,** | | **SA-26-CV-3554-JKP** |
| **v.** | | |
| WARDEN, South Texas ICE Processing Center, ET AL., | | |
| **Respondents.** | | |

**SHOW CAUSE ORDER**

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Norma Alejandra Hernandez Arzate as "next friend" on behalf of Angie Alejandra Sarria Rincon. (ECF No. 1). Rincon is currently detained at the South Texas ICE Processing Center.   (*Id.*). Upon review, the Court orders that either Arzate or Rincon, for the reasons stated herein, must show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Rincon's release from detention, was filed on her behalf by Arzate, Rincon's wife, as "next friend." (ECF No. 1). Next–friend standing is available only when the "real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Arzate has not demonstrated standing to initiate this action for Rincon. (ECF No. 1).

Arzate contends she has standing to act as next friend for Rincon because she is her wife and "she is unable to file on her own behalf while in custody without counsel."   (*Id.*)   The Court finds Arzate has failed to establish a legal basis for next-friend standing.   *See Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa.

Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). It cannot be said that Rincon, by mere virtue of her detention, lacks access to this Court. She has the same access as the other numerous detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Arzate could establish standing to bring this action as "next friend" on behalf of Rincon, as a non–attorney she is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Sanchez*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent himself or be represented by an attorney,' because § 1654 says he can." *Id.* "On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, Rincon may represent herself in this matter, but she may not be represented by Arzate, a non–attorney; rather, Rincon must represent

2

herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Norma Alejandra Hernandez Arzate or Angie Alejandra Sarria Rincon must show cause why this case should not be dismissed.

**Petitioner Angie Alejandra Sarria Rincon may respond to this show cause order by filing with this Court a signed and dated document stating that she adopts and ratifies the Petition and other pleadings previously filed on her behalf by Norma Alejandra Hernandez Arzate and intends to proceed *pro se* in this matter, that is, on her own behalf.**

If the parties fail to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Angie Alejandra Sarria Rincon at the South Texas ICE Processing Center, the Clerk of Court shall send a copy of this Order to Norma Alejandra Hernandez Arzate by certified mail, return receipt requested, at the following address: 8800 S. 1st St, Apt. 713, Austin, Texas 78748.

It is so **ORDERED**.

SIGNED this 7th day of June, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3